**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES, for the use and benefit of RAFF ELECTRIC, INC., | : | |
| Plaintiff, | : | Civ. No. 05-2629 (GEB) |
| v. | : | |
| GREAT AMERICAN INSURANCE COMPANY, et al. | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion to Lift Stay Pending Arbitration of Plaintiff United States, for the use and benefit of RAFF Electric, Inc. ("RAFF").  The Court, having fully reviewed the parties' written submissions, will deny the motion for the reasons set forth below.

## I.      BACKGROUND

MCC Construction Company ("MCC") entered into an agreement (the "Agreement") with the United States of America to serve as a general contractor for a construction project at the Lakehurst Naval Base in New Jersey (the "Project").  (Pl. Br. at 1; Def. Br. at 3.)  In connection with the Agreement, Great American Insurance Company ("Great American") issued a payment bond for the Project, naming MCC as principal (the "Payment Bond").  (Pl. Br. at 1; Def. Br. at 3.)  The Payment Bond was intended to ensure that MCC's subcontractors were paid for their

1

work on the Project.  (Pl. Br. at 1; Def. Br. at 3.)  On or about October 1, 2003, MCC entered into a subcontract (the "Subcontract") with RAFF, whereby RAFF committed to install fire alarm and fire protection systems for the Project.  (Def. Br. at 3.)  RAFF contends that MCC violated the terms of the Subcontract and failed to pay RAFF for services rendered.  (Pl. Br. at 1.)

On May 18, 2005, RAFF filed a Complaint in this Court seeking to compel Great American to comply with the provisions of the Payment Bond.  MCC moved to intervene on August 31, 2005, and filed a motion to stay the action pending arbitration.  (Pl. Br. at 2; Def. Br. at 4.)  On November 21, 2005, this Court granted the motion to stay.  (Def. Br. at 4.)  On May 15, 2007, RAFF filed the present motion to lift the stay pending arbitration.

## II.    DISCUSSION

Raff submits to the Court that MCC has waived its right to a stay pending arbitration under the doctrine of laches.  Laches is an equitable defense that may operate as estoppel against the assertion of a right.  The doctrine of laches is applicable when (i) one party causes an unreasonable delay in asserting its right, and (ii) the other party suffers prejudice as a result of said delay.  *In re Mushroom Transp. Co., Inc.*, 382 F.3d 325, 337 (3d Cir. 2004).  "[T]he existence of laches is a question primarily addressed to the discretion of the trial court." *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 534 (1956) (internal quotations omitted).

RAFF contends that MCC has deliberately delayed arbitration in an attempt to frustrate RAFF's right to resolve this matter, and that the stay ordered by this Court on November 21, 2005 should therefore be lifted.  (Pl. Br. at 9.)  RAFF argues in particular that MCC's actions demonstrate a deliberate attempt to delay and, therefore, amount to a waiver of MCC's right to arbitration.  (*Id.*)  Indeed, RAFF claims to have sent seven written requests for the scheduling of

2

arbitration following this Court's grant of a stay pending arbitration.  (Pl. Reply at 4-6.).  RAFF allegedly:

- Wrote to opposing counsel and the arbitrators selected by the parties on February 8, 2006, seeking to schedule a February 10, 2006 conference call. (*Id.* at 5.)
- Wrote to MCC on May 25, 2006, indicating that settlement negotiations were not progressing and requesting that a phone conference be held in the following days.  (*Id.*)
- Wrote to MCC on August 8, 2006, requesting a conference call to discuss the arbitration proceedings.  (*Id.*)
- Wrote to MCC on September 5, 2006, stating that it remained interested in pursuing settlement negotiations but seeking to confirm MCC's availability for arbitration in the event that the settlement negotiations failed.  (*Id.*)
- Wrote to the arbitrators on October 18, 2006, seeking assistance in moving the proceedings forward and requesting dates of availability.  (*Id.* at 6.)
- Wrote to the newly-selected single arbitrator on November 1, 2006, requesting that he provide availability for a conference to discuss a time frame for moving forward with the action.  (*Id.*)
- Wrote to the single arbitrator on January 8, 2007, requesting that the arbitrator schedule a status conference to establish a date for arbitration. (*Id.*)

RAFF claims that MCC's inaction in the face of its own barrage of letters can only be interpreted as deliberate.  (*Id.* at 4.)  Since MCC has inexcusably delayed these proceedings for over 18 months, RAFF concludes that MCC has waived, under the doctrine of laches, its right to arbitrate. (Pl. Br. at 8.)

MCC, however, contests RAFF's characterization of the facts.  In particular, MCC argues that any delay experienced in this matter is attributable, in significant part, to RAFF's own failure to suggest a date for arbitration.  Indeed, MCC contends that the two arbitrators chosen by the parties ("Arbitrator Cook" and "Arbitrator Schuyler") suggested in early 2006, shortly after this Court's stay order, that they appoint a single arbitrator to rule on the dispute.  (Def. Br. at 7.)

3

Both parties agreed with this suggestion.  (*Id.*)  Shortly thereafter, however, MCC and RAFF began settlement negotiations that lasted from March to October 2006.  (*Id.* at 8.)  It is only in October 2006, claims MCC, that RAFF sent a letter to Arbitrator Cook inquiring about the promised appointment of a single arbitrator.  (*Id.* at 8.)  Arbitrator Cook responded on October 25, 2006 by putting forward William Schwartzkopf ("Arbitrator Schwartzkopf") as proposed sole arbitrator.  (*Id.*)  Both parties consented to the appointment of Arbitrator Schwartzkopf but no date was set for the arbitration.  (*Id.*)  MCC concedes that RAFF then took the initiative of writing to Arbitrator Schwartzkopf on January 8, 2007, requesting that he schedule a status conference.  (*Id.*)  MCC insists, however, that Arbitrator Schwartzkopf responded to RAFF's letter on January 12, 2007 with a request that the parties confirm their availability for arbitration, and that *both RAFF and MCC* failed to respond to Arbitrator Schwartzkopf's request.  (*Id.*)  MCC concludes that RAFF shares the blame for the delay complained of here.

In addition, MCC argues that RAFF's motion should be denied because its reliance on the doctrine of laches is misplaced.  (*Id.* at 11.)  Indeed, MCC submits that RAFF's laches claim must fail on the grounds (i) that a mere lapse of time is insufficient to establish laches, (ii) that MCC did not deliberately delay the arbitration, and (iii) that RAFF has failed to show that it suffered any prejudice as a consequence of MCC's alleged delay.  (*Id.* at 11-13.)

Having reviewed both parties submissions, the Court finds that the doctrine of laches does not compel, in this case, the lifting of the November 21, 2005 stay.[1]  While the cases cited

---

[1]    Courts have not reached a consensus as to whether the doctrine of laches is available as an affirmative defense to a purely legal – rather than an equitable – claim.  *FDIC v. Fuller*, 994 F.2d 223, 224 (5th Cir. 1993) (holding that laches is not available against legal claims); *Maksym v. Loesch*, 937 F.2d 1237, 1247-48 (7th Cir. 1991) (finding laches to be increasingly applied in cases at law, but

by RAFF provide that a party that deliberately or unduly delays the arbitration process may be estopped from seeking to compel the non-delaying party to complete the arbitration, this Court is not convinced that RAFF has suffered the kind of prejudice sufficient to justify invoking the doctrine of laches. *Mushroom*, 382 F.3d at 337 (holding that a "party raising laches must demonstrate that the delay caused a disadvantage in asserting and establishing a claimed right or defense").[2]  The Court is therefore reluctant to impose the lift of stay sought by RAFF. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at

_____

holding it to be available only as a defense to equitable claims); *Sun Oil, Co. v. Fleming*, 469 F.2d 211, 214 (10th Cir. 1972) (ruling that the equitable defense of laches cannot prevail in a legal action).

Moreover, the case law is less than clear as to whether laches may be invoked in the scenario before this Court, rather than as an affirmative defense to a specific claim. *See E.D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 461 (5th Cir. 1982) (finding that laches can only be used as an affirmative defense to a claim); *Halcon Intern., Inc. v. Monsanto Australia Limited*, 446 F.2d 156, 159 (7th Cir. 1971) ("[laches] is a shield of equitable defense rather than a sword for the investiture or divestiture of legal title or right"); *Cohn v. Kramer*, 124 F.2d 791, 800 (6th Cir. 1942) ("[t]he law of laches should be used as a shield and not a sword").

In light of its holding that the elements of laches have not been met in the case at bar, the Court need not resolve these issues.

[2]     The parties disagree on the issue of whether the state or the federal laches standard should apply in the case at hand.  (Def. Br. at 11; Pl. Br. at 6.)  Given the similarities between the two standards, this is a distinction without a difference. *See, e.g.*, *Mitchell v. Alfred Hoffman, Inc.*, 137 A.2d 569, 573 (N.J. Super. Ct. App. Div. 1958) ("To constitute a valid defense of laches, the delay must not only be unexplained and inexcusable, but must have visited prejudice upon the party asserting the delay."); *Mushroom*, 382 F.3d at 337 ("The party asserting laches as a defensive bar must establish (1) an inexcusable delay in bringing the action and (2) prejudice." ).

hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability").  The Court will, however, order both parties to initiate arbitration proceedings before Arbitrator Schwartzkopf within 30 days of the date of filing of this Opinion. This matter has now remained in dispute for over two years.  It is in the best interest of justice that it be resolved promptly.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for a lift of the stay pending arbitration ordered by this Court on November 21, 2005.  The Court will however order the parties to initiate arbitration proceedings before Mr. Schwartzkopf within thirty days of filing of this Opinion.  An appropriate form of Order accompanies this Opinion.


Dated: July 5, 2007

___ s/ Garrett E. Brown, Jr. _____
GARRETT E. BROWN, JR., U.S.D.J.
